**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**HUDSON SPECIALTY INSURANCE COMPANY**                    **PLAINTIFF**

**V.**                              **CIVIL ACTION NO.  5:17-CV-137-DCB-MTP**

**TALEX ENTERPRISES, LLC; JUBILEE**
**PERFORMING ARTS CENTER, INC.;**
**TERRANCE L. ALEXANDER; AND**
**THE BOARD OF MAYOR AND SELECTMEN**
**OF MCCOMB, MISSISSIPPI, ET AL.**                         **DEFENDANTS**

**JURY TRIAL DEMANDED**

**MOTION TO DISMISS, ANSWER AND AFFIRMATIVE**
**DEFENSES, AND CROSSCLAIM**

COMES NOW the Defendant, Board of Mayor and Selectmen of McComb, Mississippi, ("McComb"), who files its Motion to Dismiss, Answer and Affirmative Defenses, and Crossclaim against the Co-Defendants Talex Enterprises, LLC and Terrance L. Alexander, and in support of its motion, defenses and crossclaim, McComb would show the following:

**I.  MOTION TO DISMISS**

McComb would show that this Court should refuse to consider the Plaintiff's Declaratory-Judgment action, for the following reasons:

(a)     There are pending in the state courts of Pike County, Mississippi state-court proceedings that involve substantially the same parties, and litigating

substantially the same issues presented in Plaintiff's Complaint for Declaratory Judgment.

(b)     The federal court is not a convenient forum.  Defendants would be inconvenienced in the event the District Court hears the declaratory action.  All of the numerous parties listed in the Complaint reside approximately 70 miles from this Court.

(c)     McComb submits that it would be uneconomical and vexatious to proceed where suits involving the same issues are pending in state courts. Retention of the lawsuit by this Court, with pending state actions in which all of the matters in controversy should be fully litigated, will not serve the purposes of judicial economy.

(d)     The Plaintiff's Complaint raises only issues of state law.

(e)     In summary, the District Court should decline to decide a Declaratory Judgment suit because of other suits pending in  Pike County state courts' proceedings with the same issues, and the issues are not governed by federal law.

For these reason, the District Court should exercise its discretion and refuse to consider this Declaratory Judgment action, and enter its Order of Dismissal.

## II.  ANSWER WITH AFFIRMATIVE DEFENSES

McComb affirmatively states its affirmative defenses, including estoppel, laches, waiver, and illegality.

For its answer to the averments made in its Complaint by Plaintiff, McComb answers, paragraph by paragraph, as follows:

1.     McComb denies that the Plaintiff is entitled to the relief sought in

2

Paragraph 1 of its Complaint.

      2.    McComb denies that Hudson Specialty is authorized to do business in the State of Mississippi, as reflected in the records maintained in the Office of the Secretary of State.  Plaintiff has not procured a certificate of authority to transact business in Mississippi as required by Sec. 79-4-15, Miss. Code Anno.  A foreign corporation transacting business in Mississippi without a certificate of authority is prohibited from maintaining any action, suit or proceedings in any Court in the state.  This prohibition is applicable in federal as well as state courts.

      3.    Admitted.

      4.    Admitted.

      5.    Admitted.

      6.    Admitted.

      7.    Regarding the named individuals or entities listed in Paragraph 7 of the Complaint, McComb lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and therefore denies same.  McComb is informed that the persons listed in Paragraph 7 of the Complaint have not been served with process of this Court.

      8.    While McComb admits that there is complete diversity of citizenship between the Plaintiff and all named Defendants, and that the amount in controversy exceeds $75,000.00, McComb would show that this Court's decision to exercise jurisdiction over this Declaratory Judgment action is discretionary, and that this Court should refuse to consider the Declaratory Judgment action, under the facts presented in the above Motion to Dismiss.

9.      McComb admits that this district embraces the geographic region in which the controversies have arisen.  However, McComb lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions made in Paragraph 9, regarding alleged "misrepresentation and/or concealments," and therefore denies them.

10.      McComb admits that Terrance L. Alexander is the principal for Talex Enterprises, LLC.

11.      Denied.

12.      Denied.  McComb asserts that Terrance L. Alexander operated a performing arts school in the subject property, trading as Terrance L. Alexander, d/b/a Jubilee Performing Arts.

13.      McComb believes the allegations set forth in Paragraph 13 are accurate as stated, since Hudson Specialty only now has provided a copy of the insurance policy as an exhibit to the federal court Complaint.  Hudson Specialty has refused previously to provide a copy of the policy.

14.      Admitted.

15.      McComb lacks knowledge or information about representations which may have been made by Alexander to Hudson Specialty and therefore denies same.

16.      McComb lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and therefore denies same. McComb states that it has some unconfirmed information that a prior event involving the building's roof occurred at some unknown time.

17.      McComb lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and therefore denies same.

4

18.   McComb lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and therefore denies same.

19.   McComb lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and therefore denies same.  Since no discovery, either depositions under oath or sworn interrogatories by knowledgeable person, has been conducted in either state or federal cases, McComb is presently unable to fully and accurately respond to Paragraph 19.  However, McComb admits that there have been uncorroborated statement that a check had been issued for repair of the Main Street building roof.

20.   McComb admits that Alexander engaged a roofing contractor who did repairs to the Main Street building's roof and cleared the roof of freon bottles, boxes and debris.  The remaining allegations of Paragraph 20 are denied.  Based on numerous uncorroborated accounts, McComb surmises that the roofing contractor informed Alexander and Talex that the roof had been repaired.

21.   On information and belief, McComb, since there has been no discovery in this case, lacks knowledge or information pertaining to the allegations set forth in Paragraph 21 of the Complaint, and therefore denies those allegations.

22.   McComb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies same.  Since no discovery, either depositions or interrogatory responses, had been obtained in either state or federal court proceedings, McComb surmises that Alexander informed Hudson Specialty about what the roofing contractor had previously told him.

5

23.     McComb admits that during June, 2017, the Defendant Talex Enterprises, LLC owned the Main Street building.  Regarding the Vogel Street property, McComb lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.     McComb denies the allegations of Paragraph 24, as hereinabove set forth.  McComb believes that during January, 2017, the Main Street building owned by Alexander/Talex suffered damage, and McComb further believes that Alexander engaged a roofing contractor to repair puncture marks in the Main Street building's roof and cleared the roof of debris.  McComb lacks knowledge or information regarding what was disclosed to Hudson Specialty, and therefore denies them.  As stated above, Alexander may have informed Hudson Specialty about conversations with the roofing contractor who made the earlier repairs to the roof, and who allegedly stated that the roof had been repaired.

25.     At the present time, since no discovery has been conducted in either the state courts or federal court proceeding, McComb lacks knowledge or information regarding the allegations of Paragraph 25.  Therefore, McComb denies the allegations in Paragraph 25.   There has been no discovery of any type in either the pending state courts actions or in this case.  Therefore, McComb lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25.  Based on information very recently obtained,  McComb now believes that Terrance Alexander may have relied upon the roofing contractor who repaired puncture marks in the Main Street building's roof and cleared the roof of bottles, boxes and debris (as alleged in Paragraph 20 above) and Alexander may have been informed by that roofing contractor that

problems regarding the roof had been resolved.   However, McComb has no actual knowledge of what Terrance Alexander disclosed to Hudson Specialty.

26.    McComb lacks knowledge and information, since no discovery has been conducted in either the state courts proceedings or the federal proceeding, and therefore has been unable to form a belief about the truth of the allegations in Paragraph 26, and therefore denies them.

27.    McComb lacks knowledge and information, since no discovery has been conducted in either the state court proceeding or the federal proceeding, and therefore has been unable to form a belief about the truth of the allegations in Paragraph 27, and therefore denies them.   Hudson Specialty, in prior state court proceedings, had refused to provide or reveal a copy of its insurance policy, which has now been provided as an exhibit to the federal Complaint.   Based upon that exhibit, the allegations in Paragraph 27 may very well be true.

28.    McComb lacks knowledge and information, since no discovery has been conducted in either the state court proceeding or the federal proceeding, and therefore has been unable to form a belief about the truth of the allegations in Paragraph 28.

29.    Admitted.

30.    McComb admits that in the Complaint filed against Talex, McComb was seeking $400,000.00 in damages, since the governing authority of the City of McComb has, after consulting with the audit department of the State of Mississippi, declared an emergency, caused by the buildings collapse and damage to the Main Street building, adjoining street and surrounding buildings, and expended this amount for clearing the area

7

and stabilizing the remaining portions of the building at issue.  McComb's initial Complaint contained a Bill for Discovery, and other equitable relief, including a claim for negligence and nuisance.

31.    Since no discovery has been undertaken or completed in the state court proceeding or the federal court case, McComb is unable to admit or deny the truthfulness of the matters set forth in Paragraph 31, and therefore denies them.  It is admitted that McComb alleged that Talex and Alexander knew about the accumulation of water on the Main Street buildings roof and the roofs structural unsoundness.  However, no discovery had been completed.

32.    Since no discovery has been undertaken or completed in the state court proceeding or the federal court case, McComb is unable to admit or deny the truthfulness of the matters set forth in Paragraph 32 , and therefore denies them.  McComb admits its state court allegations that no water had been removed from the roof, the roof had not been repaired since its prior damage, and that noone undertook to remove the water or make further repairs to the roof.

33.    Since no discovery has been undertaken or completed in the state court proceeding or the federal court case, McComb is unable to admit or deny the truthfulness of the matters set forth in Paragraph 33, and therefore denies them.  McComb admits filing an Amended Complaint in the Chancery Court of Pike County, Mississippi, adding Alexander and Hudson Insurance Company (not Hudson Specialty Insurance) as parties to the negligence claim.  Hudson Insurance Company is a Delaware Corporation, which is qualified to transact business in Mississippi.  Hudson Insurance Company refused

to provide a copy of the insurance policy for the Main Street building.  Hudson Specialty answered the Complaint, alleging that McComb has mistakenly named Hudson Insurance as the insuror.  Opposing counsel, in remarks to the Chancery Court Judge stated that Hudson Insurance (qualified in Mississippi) and Hudson Specialty (not qualified in Mississippi were sister companies).

34.    Admitted.

35.    Admitted.  McComb's Mayor's affidavit was made on information and belief, since no discovery had been undertaken or completed in the state court proceeding.

36.    Since no discovery has been undertaken or completed in the state court proceeding or the federal court case, McComb is unable to admit or deny the truthfulness of the matters set forth in Paragraph 36, and therefore denies them.  McComb has not knowledge about what was revealed by Alexander or Talex to Hudson Specialty.

37.    Since no discovery has been undertaken or completed in the state court proceeding or the federal court case, McComb is unable to admit or deny the truthfulness of the matters set forth in Paragraph 37, and therefore denies them.

38.    McComb lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 38, and therefore denies same.

39.    McComb lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 39, and therefore denies same.

40.    McComb lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 40, and therefore denies same.

41    McComb lacks knowledge or information sufficient to form a belief

about the truth of the allegations made in Paragraph 41, and therefore denies same.

42.    Since no discovery has been conducted in either the state court of federal court proceeding, McComb is unable to admit or deny that Talex requested a defense to McComb's original Complaint.  However, McComb notes that the collapse of the roof of the Main Street building was an occurrence  which the Talex policy defines as "an accident, including continuance or repeated exposure to substantially the same general harmless conditions."

43.    McComb denies the allegations of Paragraph 43.  Even though McComb has been unable to conduct discovery, the facts alleged in the Complaint and Amended Complaint would support claims which qualify as "occurrences."

44.    McComb lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 40, and therefore denies same.

45.    It is admitted that upon information and belief, McComb asserted Alexander and Talex expected the building to collapse if accumulated water was not removed.  However, McComb had been unable to conduct discovery in the state court proceeding.

46.    McComb has been unable to conduct any discovery.  We therefore deny the truth of the allegations in Paragraph 46.  Since Hudson Specialty had previously refused to provide a copy of its policy, McComb now has an opportunity finally to review the policy, and the policy is self explanatory.

47.    Admitted.

48.    McComb denies that the Plaintiff is entitled to the relief sought in

10

Paragraphs 48-49 of the Complaint. McComb has no knowledge whether misrepresentations and/or concealments were made, and therefore denies such representations.

50-51.      McComb denies that the Plaintiff is entitled to the relief sought and set forth in Paragraphs 50-51, and McComb had no information about the alleged "misrepresentations and/or concealments, and therefore denies such allegations set forth in Paragraph 51.

52-59.      McComb denies that the Plaintiff is entitled to the relief sought and set forth in Paragraphs 52, 53, 54, 55, 56, 57, 58, and 59.  McComb can neither admit nor deny whether "misrepresentations and/or concealments were made, as set forth in Paragraph 53, 54, 57, and 58.

60-64.      McComb denies that the Plaintiff is entitled to the relief sought in Paragraphs 60-64.

McComb denies that the Plaintiff is entitled to any relief sought in the unnumbered Paragraph "WHEREFORE, PREMISES CONSIDERED."

### III.  CROSS-CLAIM

**CROSSCLAIMANT DEMANDS TRIAL BY JURY**

Having answered the Complaint and provided Affirmative Defenses to the Complaint, McComb files its Cross-Claim as provided by FRCP Rule 13(g), against co-parties, Talex Enterprises, LLC and Terrance L. Alexander and demanding trial by jury, would show the following:

a.      The Crossclaimant is a special charter municipality organized and existing

under the laws of the State of Mississippi, and is governed by its Board of Mayor and Selectmen.

b.      The Cross Defendant Talex Enterprises, LLC is a Mississippi Limited Liability Company whose home office address is 730 Vogel Street, McComb, Mississippi 39648, and whose registered agent for service of process is Terrance Alexander, 730 Vogel Street, McComb, Mississippi 39648.

c.      The Defendant Terrance Alexander is a resident citizen of Pike County, Mississippi, who resides at 730 Vogel Street, McComb, Mississippi 39648.

d.      The Defendant Talex is the owner of certain real property situated at 220-230 Main Street, McComb, in Pike County, Mississippi, and more particularly described as follows, to-wit:

> Lots 14, 15, and 16 and Lot 13, less and except a strip 9 feet 9 inches off the North side of Lot 13, all in Square E of the City of McComb City, Pike County, Mississippi, and being two buildings fronting 100.12 feet on Main Street by 99.90 feet on North Broadway, together with all rights and appurtenances thereunto belonging, including all rights owned by grantors in a party wall on the North side of Lots 14, 15, 1nd 16, and a party wall on the East side of Lot 13, less 9 feet 9 inches off the North side thereof.

> Being the same property conveyed to Terrance Alexander DBA Jubilee Performing Arts Center by Faraway, LLC in Warranty Deed dated June 23, 2014, and filed for record on June 23, 2014 as Instrument No. 258844 in the records of the Chancery Clerk of Pike County, Mississippi.

e.      On the afternoon of Sunday, July 23, 2017, the Defendant Talex  was the owner and possessor of the multi-story buildings located at 220-230 Main Street in downtown, McComb, Mississippi, whose legal description is the tract of property described above.

f.      On Sunday, July 23, 2017, the multi-story building at 220-230 Main Street

owned by Defendant, Talex,  collapsed, causing extensive damage not only to the insured premises and adjoining property, including public streets and buildings, and the streets and sidewalk were rendered impassable because of bricks, concrete, and other debris.

g.      After the building collapsed, the remaining portions of the building were rendered unsafe and were required to be immediately stabilized in order to prevent further damage and destruction.  The Crossclaimant  declared an emergency condition, and secured services of a qualified contractor, experienced in stabilization and rehabilitation of collapsed buildings, so as to prevent further injury and property destruction.

h.      The Crossclaimant was required to expend public funds for engineering services, public safety expenses, as well as amounts required to be paid to the contracting firm hired for stabilization and rehabilitation of the buildings at 220-230 Main Street in downtown McComb.

I.      The buildings at 220-230 Main Street in downtown McComb are located at the principal traffic artery in the central shopping and office district of McComb.  Because of the collapse, adjoining property owners were required to close their businesses.  Traffic was unable to go past the collapsed buildings and public utilities were severely damaged.

j.      The Crossclaimant avers that prior to the collapse, an unsafe amount of water was accumulating on the roof of the building, for an unknown period of time.  For days and weeks prior to the collapse, the McComb area received unprecedented rainfall. In spite of record breaking rains, the Crossdefendants did not inspect the roof's building in order to determine whether water was standing on the roof of the building, and whether

13

th volume of water being accumulated on the roof represented a danger.    The Crossclaimant charges the Crossdefendants with negligence because of their failure to inspect the building's roof.

k.    Because of Crossdefendants' failure to inspect the building's roof for accumulation of water, the building's structure was rendered unsafe.

l.    In days and weeks prior to the building's collapse, the McComb area experienced an unprecedented amount of rainfall, and the Crossdefendants knew or should have known that the rainfall may have accumulated on the building's roof.

m.    The Crosscomplainant charges the Crossdefendants with the following negligent acts or omissions:

Failure to inspect the building's roof, and

Failure to determine whether the unprecedented rainfall in the days and weeks prior to Sunday, July 23, 2017 had accumulated on the roof of the building located 220-230 Main Street and Downtown McComb, Mississippi.

Demanding trial by jury, the Crossclaimant files its Crossclaim and demands that upon a trial by jury, the Crossclaimant receive the following relief:

Judgment against the Crossdefendants, jointly and severally, in an amount of not less than Four Hundred Thousand Dollars ($400,000.00), the amount required to be expended by the Crossclaimant to remove debris and rubbish from city streets, sidewalks, and to repay  the costs incurred by Crossclaimant in the stabilization of the buildings at 220-230 Main Street, McComb, in order to protect the public safety.

14

Respectfully submitted,

BOARD OF MAYOR AND SELECTMEN
OF MCCOMB, MISSISSIPPI

BY:    DOWDY COCKERHAM & WATT


/s/ Wayne Dowdy
OF COUNSEL

WAYNE DOWDY, MSB # 6177
DUNBAR DOWDY WATT, MSB #102868
DOWDY COCKERHAM & WATT
215 East Bay Street
Post Office Box 30
Magnolia, MS 39652
(601) 783-6600 Telephone
(601) 783-3670 Facsimile
waynedowdy@waynedowdy.com


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing and U.S. Mail to the following:

W. Wright Hill, Jr.,Esq.
T. L. "Smith" Boykin, Esq.
PAGE KRUGER & HOLLAND, P.A.
Post Office Box 1163
Jackson, Mississippi 39215-1163

THIS the 1st day of December, 2017.


/s/Wayne Dowdy
WAYNE DOWDY

15