IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HUDSON SPECIALTY INSURANCE COMPANY**                                 **PLAINTIFF**

**v.**                                         CAUSE NO. 5:17-CV-137-DCB-MTP

**TALEX ENTERPRISES, LLC,**                                           **DEFENDANTS**
**JUBILEE PERFORMING ARTS CENTER, INC.,**
**TERRANCE L. ALEXANDER, and the**
**BOARD OF MAYOR AND SELECTMEN**
**OF MCCOMB, MISSISSIPPI, et al**.

## OPINION AND ORDER

This cause is before the Court on a Motion for Change of Venue Due to Improper Jurisdiction **[Doc. 33]** and an Amended Motion for Change of Venue Due to Improper Jurisdiction **[Doc. 34]** filed by Defendant Cox Architecture, P.A. ("Cox"). Although styled as motions for change of venue, Cox's motions actually seek to remand this case — not merely to change venue. Having considered the motions, responses, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

### I. BACKGROUND

This declaratory judgment action stems from the collapse of a downtown McComb, Mississippi building due to over-accumulation of water on its roof.

Invoking diversity jurisdiction, the building's New York-citizen insurer sued in this Court for a declaration voiding two insurance policies on the building on the basis of misrepresentations by its Mississippi-citizen insureds. Joined as defendants are the insureds and a litany of Mississippi-citizen individuals and businesses potentially affected by any adjudication of rights under the policies.[1] One such defendant moves to remand, contending diversity is lacking because the plaintiff-insurer is deemed to share the Mississippi citizenship of its insureds under 28 U.S.C. § 1332(c)(1).

**A.   The Parties**

Plaintiff Hudson Specialty Insurance Company ("Hudson") is a New York corporation with a New York principal place of business. [Doc. 1, ¶2] Defendant Terrance Alexander is a Mississippi citizen and the principal of Defendants Talex Enterprises, LLC ("Talex") and Jubilee Performing Arts Center, Inc. ("Jubilee"), both Mississippi citizens. [Doc. 1, ¶¶3-5] Defendant Cox is a Mississippi citizen and one of seventeen persons or entities Hudson names "so that the declarations and relief sought herein may be binding upon them." [Doc. 1, ¶7]

---

[1] These Defendants are Samuel Alexander, Allie's Enterprises, LLC, Clear Creek Cabinetry Inc., Concepts by Mere, LLC, Cox Architecture, P.A., Faraway, LLC, Gilbert Law Firm, PLLC, Graphics Etc. LLC, Lott Furniture Company, McComb Neurology, PA, Michelle Nelson, Nieman & Associates PC, Office Automation Center, Pics N Sips, LLC, Professional Beauty, Barber & Equipment, Inc., Twice as Nice, LLC, and Ronnie Whittington. [Doc. 1, ¶7(a)-(q)]

**B.   The 2016 Alexander Policy**

In July 2016, Hudson issued a policy of insurance[2] to Alexander covering property located at 220-230 Main Street, McComb, Mississippi (the "Main Street Building") and 730 Vogel Street, McComb, Mississippi (the "Vogel Street Building"). [Doc. 1, ¶13]

In January 2017, a roof drain on the Main Street Building ruptured, and Alexander made a claim under the policy. [Doc. 1, ¶¶16-17] About a month later, Hudson issued Alexander a check to cover the repairs. [Doc. 1, ¶19] But the roof, according to Hudson, was never repaired. [Doc. 1, ¶20]

**C.   The 2017 Talex Policy**

On July 20, 2017, Hudson renewed Alexander's policy[3] on the Main Street Building and the Vogel Street Building and issued a separate policy to Talex (the "2017 Talex Policy"). [Doc. 1, ¶26]

The 2017 Talex Policy includes a $600,000 general aggregate limit and a $300,000 per-occurrence limit. And it lists both the Main Street Building and the Vogel Street Building as covered premises. [Doc. 1-3, p. 12]

---

[2] Hudson alleges that when Alexander applied for the policy, he misrepresented that he owned the Main Street building [Doc. 1, ¶15].

[3] The renewed policy described in Hudson's complaint as the "2017 Alexander Policy," policy number HBD 100119191, has a general aggregate limit of $2 million and a per-occurrence limit of $1 million. [Doc. 1-2, p. 12]

Hudson alleges that Alexander misrepresented, during renewal negotiations, that the Main Street Building roof had been repaired and that Talex owned the Vogel Street Building. [Doc. 1, ¶¶22, 23] Hudson also alleges that Alexander failed to disclose that a contractor had expressed concern about the structural integrity of the roof of the Main Street Building. [Doc. 1, ¶25]

Three days after Hudson renewed Alexander's policy, the Main Street Building collapsed. [Doc. 1, ¶29]

**D.    The Underlying Lawsuit**

In August 2017, The Board of Mayor and Selectmen of the City of McComb, Mississippi (the "City") sued Alexander, Talex, and Hudson in Pike County Chancery Court seeking at least $400,000 for damage caused by the collapse of the Main Street Building. [Doc. 1, ¶30] The City has twice since amended its chancery court complaint. [Docs. 1-5, 1-6]

The City's claims against Talex rest on public nuisance and negligence theories. Talex was negligent, the complaints reason, because it failed to correct the dangerous condition presented by over-accumulation of water on the roof of the Main Street Building — despite actual notice of the danger. {Docs. 1-4, 1-5, 1-6] And as to Hudson, the City seeks an attachment and the imposition of a constructive trust. [Docs. 1-5, pp. 6-7; 1-6, ¶¶10-11]

4

**E.    This Suit**

Hudson asks the Court to rescind or declare void the 2017 Talex policy and the renewed 2017 Alexander Policy due to misrepresentations it contends Alexander made during renewal negotiations. Cox challenges subject-matter jurisdiction and urges remand.

Cox contends that Hudson, as a liability insurer to Alexander and Talex, is deemed to share the Mississippi citizenship of Alexander and Talex under 28 U.S.C. § 1332(c)(1)(A). Hudson rejoins that § 1332(c)(1)'s proviso does not apply because this suit is not a "direct action" under the statute.

## II. DISCUSSION

The Court has jurisdiction over suits between parties of diverse citizenship and in which more than $75,000, exclusive of interest and costs, is in controversy. 28 U.S.C. § 1332(a)(1).

Generally, a corporation like Hudson is a citizen only of its state of incorporation and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). It is undisputed that Hudson, a New York corporation with a principal place of business in New York, is diverse from the Defendants, all Mississippi citizens.

But the rule of corporate citizenship is altered by a proviso expanding corporate citizenship in certain insurance cases. 28

U.S.C. § 1332(c)(1)(A)-(C). Under its terms, an insurer sued in a direct action to which its insureds are not joined as defendants is deemed a citizen of each state of which its insureds are citizens. 28 U.S.C. § 1332(c)(1)(A). If § 1332(c)(1)'s proviso applies here, as Cox contends, then Hudson is considered not only a citizen of New York, but also a citizen of Mississippi — the citizenship of its insureds. And if Cox is correct, then complete diversity is lacking and remand is required.

Cox is incorrect. Section 1332(c)(1)'s proviso is inapplicable for two reasons. First, § 1332(c)(1)'s proviso applies only to "direct action" suits, and Hudson's declaratory judgment suit is not a "direct action" under the statute. Second, § 1332(c)(1)'s proviso applies only when the liability insurer's insured is not named as a defendant, and Hudson's suit names its insureds as defendants.

**A.  Hudson's Suit is Not a "Direct Action" Under § 1332(c)(1)**

A "direct action" is a suit brought by a plaintiff damaged by the conduct of an insured against the tortfeasor's insurer, alone. See Tuck v. United services Auto. Ass'n, 859 F.2d 842, 847 (10th Cir. 1988); Crescent City Pediatrics v. Bankers Ins. Co., 459 F. Supp. 2d 510, 513 (E.D. La. 2006) (a suit is not a direct action unless "the liability sought to be imposed against the insurer could be imposed against the insured."). Cox cites no authority

6

and offers no analysis to support characterizing this suit as a "direct action" under § 1332(c)(1)'s proviso.

This suit cannot qualify as a "direct action" for obvious reasons: Hudson is the plaintiff; it has not sued itself for Alexander and Talex's supposed negligence. And it does not seek to impose, by virtue of its own declaratory judgment, liability upon itself for property damage caused by its insureds' conduct. See Northbrook Nat. Ins. Co. v. Brewer, 493 U.S. 6, 7 (1989) ("[T]he language of the proviso is unambiguously limited to actions brought against insurers.")(emphasis in original).

Because Hudson's suit is neither a "direct action" nor a suit "against" an insurer, § 1332(c)(1)'s proviso does not apply. The mere presence of an insurance carrier in this suit does not transform it into a "direct action" under § 1332(c)(1). See Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1188 (5th Cir. 1988).

**B.    Hudson Has Named Its Insureds as Defendants**

Even if this suit were a "direct action," § 1332(c)(1)'s proviso would not apply because Hudson has joined its insureds as defendants. The text of the proviso unequivocally limits its application to situations in which "the insured is not joined as a party-defendant." 28 U.S.C. § 1332(c)(1). As Hudson correctly

7

notes, it has joined its insureds — Talex and Alexander — as defendants.

Section 1332(c)(1)'s "direct action" proviso does not apply to this case, and Hudson is completely diverse from the Mississippi-citizen Defendants. The diversity inquiry resolved, the Court turns to the amount in controversy issue.

**C.    The Amount in Controversy Requirement is Met**

In declaratory judgment suits, the amount in controversy is measured in one of two ways: the policy limit or the value of the underlying claim. By either measure, the amount in controversy here exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

When a declaratory judgment attacks the validity of the contract of insurance, the policy limit sets the amount in controversy. <u>Hartford Ins. Grp. V. Lou-Con Inc.</u>, 293 F.3d 908, 911 (5th Cir. 2002)(internal citation omitted). But when the declaratory judgment asks the Court to order that the policy does not provide coverage for a particular occurrence, the value of the underlying claim sets the amount in controversy. <u>Id</u>. at 911.

The amount placed in controversy by Hudson's declaratory judgment suit can be measured either way. Indeed, the policy limit measure could apply because Hudson's suit asks the Court to rescind and declare void the Talex Policy and the 2017 Alexander Policy.

8

[Doc. 1, ¶¶48-51] And the underlying claim measure could apply because Hudson seeks a declaration that it is not obliged to provide defense and indemnity to Talex or Alexander in connection with the City's suit against them for damage caused by the collapse of the Main Street Building's roof. [Doc. 1, ¶¶60-64]

Because the limits on the 2017 Talex Policy and the 2017 Alexander Policy far exceed the $75,000 amount in controversy, and the City of McComb alleges its underlying claim against Hudson's insureds is for at least $400,000, the amount in controversy in this declaratory judgment action exceeds $75,000, exclusive of interest and costs.

### III. CONCLUSION

The Court has diversity jurisdiction over this declaratory judgment action. The parties are completely diverse, the amount in controversy exceeds $75,000, exclusive of interest and costs, and § 1332(c)(1)'s proviso does not apply.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that Defendant Steve Cox Architecture, P.A.'s Motion for Change of Venue Due to Improper Jurisdiction **[Doc. 33]** and Amended Motion for Change of Venue Due to Improper Jurisdiction **[Doc. 34]**, construed as motions to remand, are **DENIED**.

**SO ORDERED**, this the 8th day of February, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE