IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HUDSON SPECIALTY INSURANCE COMPANY                    PLAINTIFF

V.                                  CAUSE NO. 5:17-CV-137-DCB-MTP

TALEX ENTERPRISES, LLC,                              DEFENDANTS
JUBILEE PERFORMING ARTS CENTER, INC.,
TERRANCE L. ALEXANDER, and the
BOARD OF MAYOR AND SELECTMEN
OF MCCOMB, MISSISSIPPI, et al.

ORDER AND OPINION

Before the Court is a Motion to Dismiss **[Doc. 10]** filed by Defendant Board of Mayor and Selectmen of McComb, Mississippi (the "City").

**Background**

A downtown McComb building collapsed because too much water gathered on its roof. This declaratory judgment action asks whether two insurance policies that might otherwise cover damage caused by the collapse are void due to an insured's misrepresentations to his insurer, Hudson Specialty Insurance Company ("Hudson").[1]

---

[1] The Court assumes familiarity with this dispute and incorporates the facts it stated in its Order and Opinion dated February 8, 2018. See Doc. 52.

The City — citing no authority — asks the Court to decline jurisdiction and dismiss this declaratory action because it duplicates another action pending in Pike County Circuit Court.[2]

In that action, the City sued Hudson and its insureds, alleging the negligence of both caused the building's collapse. The coverage and policy-validity issues raised here were not raised there.

I

The Declaratory Judgment Act gives the Court discretion to declare the rights of litigants. 28 U.S.C. § 2201(a). But before it decides whether it should exercise that discretion, the Court must find two things: that this case is justiciable and that the Court may grant the declaratory relief Hudson requests. Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000). The Court so finds here.

This suit presents a live dispute between Hudson and the City. One party supports coverage, the other opposes it. The case is therefore justiciable. See Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

---

[2] The City's Motion to Dismiss consists of five paragraphs it placed at the beginning of its Answer. See Doc. 10. The Motion is not accompanied by a memorandum of supporting authority. See Id.

The Court also finds that it has authority to rescind Hudson's insurance policies and to declare Hudson's obligations under those policies — the relief Hudson seeks in this suit. See Massachusetts Mut. Life. Ins. Co. v. Nicholson, 775 F. Supp. 954, 962 (N.D. Miss. 1991).

Next, the Court considers the more involved question. Should the Court exercise its discretion to decide this declaratory action? The answer depends on seven factors:

1) Pendency of a state-court action in which all of the disputed issues may be litigated;

2) Whether Hudson filed this action in anticipation of a declaratory action by the Defendants;

3) Whether Hudson "forum shopped" in filing this action;

4) Inequities in allowing Hudson to change forums;

5) Convenience of forum in this Court;

6) Whether retaining jurisdiction of this action advances judicial economy; and

> 7) Whether the Court is asked to construe a state judicial decree involving the same parties.[3]

The first factor is neutral. Although a suit is pending in Pike County Circuit Court, it involves fewer parties than, and different issues from, this suit.[4] And the crux of the state-court suit is the liability of Hudson's insureds; coverage questions have not yet been raised — at least not directly. That is not to say that coverage and policy-validity issues cannot be litigated in the state-court suit. They can. But the pendency of that action, particularly where coverage and policy-validity are not raised, does not require the Court to decline to decide this suit. See Northfield Ins. Co. v. Adams, 158 F.3d 584, 1998 WL 648601, at *3 (5th Cir. 1998) (per curiam).

The second factor supports the Court's exercise of discretion to decide this case. Hudson filed this suit on November 13, 2017, about three months after the City sued Hudson and its insureds in Pike County Chancery Court. [Doc. 1-4]. Hudson brought this suit

---

[3] Sherwin-Williams Co. v. Holmes Cty., 343 F.3d 383, 388 (5th Cir. 2003). These considerations are sometimes called the Trejo factors, and were identified in St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994). They address three concerns — federalism, fairness, and efficiency. See Sherwin-Williams Co., 343 F.3d at 390-91.

[4] The only parties to the state-court action are the City, five John Doe defendants, Hudson, and Hudson's insureds — Talex Enterprises, LLC and Terrance Alexander. See Doc. 1-5. By contrast, the parties in this suit are the City, Hudson, Hudson's insureds, and a group of 18 persons, natural and juridical, who may sue Hudson's insureds for damage caused by the collapse. See Doc. 13.

4

in response to — not in anticipation of — the City's state-court suit.

The third factor, like the second, supports the Court's exercise of discretion to decide this case. Simply filing a declaratory action in federal court is not an act of forum shopping. See AXA Re Property & Cas. Ins. Co. v. Day, 162 Fed. App'x 316, 321 (5th Cir. 2006) (per curiam). The City does not offer, and the Court is unaware of, any facts suggesting this suit was filed for improper or abusive purposes. See Sherwin Williams Co., 343 F.3d at 400.

The fourth factor also supports the Court's exercise of discretion to decide this case. The coverage and policy-validity issues Hudson raises here have not been raised in the state-court suit. So deciding those issues in this suit will not allow Hudson to "inequitably gain precedence in time," nor to effect a change in forum for the declaratory relief it seeks. See AXA, 162 F. App'x. at 321.

The fifth factor is neutral. Litigating this suit in this Court is perhaps less convenient for the Defendants than litigating it in Pike County Circuit Court. But asking the Defendants to travel 70 miles to this Court is hardly burdensome, much less

"vexatious."[5] See Sherwin Williams Co., 343 F.3d at 400. In any event, the City's distance-from-the-courthouse argument is unpersuasive: the Court participates in electronic filing via CM/ECF.

The sixth factor supports the Court's exercise of discretion to decide this case. Neither coverage nor policy-validity is being litigated in the state-court suit, so resolving those issues in this streamlined declaratory action should advance judicial economy, not undermine it.[6]

The seventh and final factor also supports the Court's exercise of discretion to decide this case. The Court is not asked to "construe a state judicial decree" involving the same parties. Sherwin-Williams Co., 343 F.3d at 388.

Having considered the seven factors, and the purposes of the Declaratory Judgment Act, the Court concludes that it should exercise its discretion to decide this suit.

The merits of the motion resolved, the Court next addresses its form.

---

[5] The Court uses this distance because the City represents in its Motion to Dismiss that "[a]ll of the numerous parties listed in the Complaint reside approximately 70 miles from this Court." See Doc. 10, p. 2.

[6] This action will not require the Court to consider novel questions of Mississippi law, only settled questions as to the effect of an insured's misrepresentation in an insurance policy application. See Prudential Ins. Co. of America v. Russell's Estate, 274 So. 2d 113, 116 (Miss. 1973).

II

Rules govern filings submitted with this Court.[7] Two are relevant here: a motion must be filed separately from an answer, and a motion must be accompanied by a supporting memorandum, including citations to authority. L.U.Civ.R. 7(b)(2)(A), 7(b)(4).

The City's Motion to Dismiss violates both rules. Moving forward, if the City wants the Court to consider a motion, it must file the motion and a memorandum of supporting authority as separate docket entries.

Accordingly,

IT IS HEREBY ORDERED that Defendant Board of Mayor and Selectmen of McComb, Mississippi's Motion to Dismiss **[Doc. 10]** is DENIED.

SO ORDERED, this the 8th day of March, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

[7] See Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, available at http://www.mssd.uscourts.gov/sites/mssd/files/2017MASTERCOPYCivil.pdf