IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HUDSON SPECIALTY INSURANCE COMPANY                     PLAINTIFF

V.                                        NO. 5:17-CV-137-DCB-MTP

TALEX ENTERPRISES, LLC,
JUBILEE PERFORMING ARTS CENTER, INC.,
TERRANCE L. ALEXANDER, and the
BOARD OF MAYOR AND SELECTMEN
OF MCCOMB, MISSISSIPPI, et al.                         DEFENDANTS

ORDER AND OPINION

Hudson Specialty Insurance Company moves the Court to dismiss, in part, the amended counterclaim of Faraway, LLC. For the reasons that follow, Hudson's motion is GRANTED.

**Background**

This dispute arises from the collapse of a McComb, Mississippi building owned by Talex Enterprises, LLC, subject to a mortgage in favor of Faraway, and insured under Hudson policy HBD 10027329.[1]

After the building collapsed, Talex submitted to Hudson a proof of loss under the Policy, claiming its $660,000 limit. Doc.

---

[1] The Court refers to Hudson policy number HBD 10027329 as the "Policy."

80-2. Hudson then sued for declaratory relief and rescission of the policies; Faraway counterclaimed against it.

Faraway's amended counterclaim seeks an equitable lien and damages for breach of contract, tortious breach of contract, and gross negligence. It relies on the Policy's "union" mortgage clause and theorizes that Hudson should have paid Faraway the balance on its mortgage —— $621,111 —— when Talex submitted its proof of loss. Faraway's theory assumes three things.

First, the "union" mortgage clause in the Policy creates a separate policy of insurance between it and Hudson. Second, Faraway's right to payment of the balance of its mortgage under the Policy is not affected by Talex's or Alexander's misconduct. Third, Faraway's right to payment —— as mortgageholder —— was triggered when Talex submitted its proof of loss.

Hudson attacks the third assumption and moves the Court to dismiss, without prejudice, Faraway's claims for breach of contract, tortious breach of contract, and gross negligence. Faraway opposes. It counters that its interest in the Policy withstands any misconduct by Hudson's insureds. But it offers no authority to support its theory equating Talex's submission of a proof of loss with its own initiation of a separate mortgageholder claim under the Policy's "union" mortgage clause.

I

To overcome Hudson's motion, Faraway must plead a plausible claim for relief. Romero v. City of Grapevine, Tex., 888 F.3d 170, 176 (5th Cir. 2018) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Hudson is liable for the misconduct alleged. Edionwe v. Bailey, 860 F.3d 287, 291 (5th Cir. 2017) (citing Iqbal, 556 U.S. at 678). But no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable. Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam).

In ruling on Hudson's motion, the Court accepts the amended counterclaim's well-pleaded facts as true and views them in the light most favorable to Faraway. Midwest Feeders, Inc. v. Bank of Franklin, 886 F.3d 507, 513 (5th Cir. 2018).

II

Under Mississippi law, certain insurance policies must include a "union" mortgage clause. MISS. CODE ANN. § 83-13-9. A "union" mortgage clause creates a separate insurance contract between the mortgageholder and the insurer. Lumbermens Mut. Cas. Co. v. Thomas, 555 So. 2d 67, 69 (Miss. 1989). That way, a mortgageholder's right to recover under an insurance policy is not

negated by the conduct of the mortgagor. See IDs Property Cas. Ins. Co. v. Meeks, F. App'x 513, 516 (5th Cir. July 31, 2012) (per curiam).

Here, the "union" mortgage clause in the Policy creates a separate insurance contract between Hudson and Faraway.[2] Doc. 13-3, p.62. That much is undisputed. What is disputed is when Hudson's obligations under the Policy's "union" mortgage clause were triggered. Hudson says its obligations were not triggered when Talex submitted its proof of loss. The Court agrees.

Talex's claim cannot qualify as a separate mortgageholder claim under the Policy's "union" mortgage clause. First, Talex's proof of loss is signed only by Alexander, Talex's principal; it is not signed by David Feldman, Faraway's principal. Second, Talex's claim seeks the policy limit of $660,000 — $40,000 more than the balance of Faraway's mortgage. Third, Hudson's payment of a "union" mortgage clause claim would change Talex's obligations in fundamental ways: It would transfer Faraway's mortgageholder rights to Hudson. Doc. 13-3, p.62. The two claims carry different legal consequences, so one claim cannot operate as the other.

---

[2] The Policy's "union" mortgage clause provides, in part: "If we pay the mortgageholder for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this Coverage Part: (1) The mortgageholder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and (2) The mortgageholder's right to recover the full amount of the mortgageholder's claim will not be impaired." Doc. 13-3, p.62.

4

Because Talex's claim does not qualify as a separate mortgageholder claim under the Policy's "union" mortgage clause, Talex's claim did not trigger Hudson's obligation to pay Faraway the balance of its mortgage under that clause. And because Talex's claim did not trigger Hudson's obligations under the "union" mortgage clause, Hudson cannot be liable to Faraway under breach of contract, tortious breach of contract, or gross negligence theories for failing to pay Faraway the balance of its mortgage in response to Talex's claim. The theory Faraway's amended counterclaim advances is not cognizable, so all claims except for its request for an equitable lien are not plausible. Potter, 607 F.3d at 1032.

To be clear, the Court expresses no opinion on Faraway's right to recover against Hudson under the Policy's "union" mortgage clause after Faraway makes a proper, independent mortgageholder claim. The Court holds only that Talex's submission of a proof of loss does not qualify as a separate mortgageholder claim, made on Faraway's behalf, under the Policy's "union" mortgage clause.

III

Faraway's amended counterclaim fails to allege plausible claims for breach of contract, tortious breach of contract, and gross negligence because the claims rely on the flawed legal conclusion that Talex's submission of a claim through a proof of loss form operated as a separate "union" mortgage clause claim that triggered Hudson's obligations to Faraway under the Policy.

Accordingly,

IT IS ORDERED that Hudson Specialty Insurance Company's motion **[Doc. 86]** to dismiss, in part, the amended counterclaim of Faraway, LLC is GRANTED and counts I, II, and III of Faraway, LLC's amended counterclaim are DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 26th day of July, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE