IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HUDSON SPECIALTY INSURANCE COMPANY                              PLAINTIFF

V.                                                NO. 5:17-CV-137-DCB-MTP

TALEX ENTERPRISES, LLC,
JUBILEE PERFORMING ARTS CENTER, INC.,
TERRANCE L. ALEXANDER, and the
BOARD OF MAYOR AND SELECTMEN
OF MCCOMB, MISSISSIPPI, et al.                                  DEFENDANTS

ORDER AND OPINION

Faraway, LLC moves the Court to reconsider its order dismissing without prejudice Faraway's counterclaims against Hudson Specialty Insurance Company for breach of contract, tortious breach of contract, and gross negligence. For the reasons that follow, the motion is DENIED.

I

The Court may revise an interlocutory order at any time for any reason before it enters final judgment. FED. R. CIV. P. 54(b); United States v. Renda, 709 F.3d 472, 479 (5th Cir. 2013).

The Court's order granting Hudson's motion to dismiss did not adjudicate all of Faraway's counterclaims or decide the rights and liabilities of all parties. It is therefore interlocutory. Fed. R. Civ. P. 54(b).

Requests to reconsider interlocutory orders under Rule 54(b) involve some of the policies behind Rule 59(e) requests to alter or amend an order or judgment. Hillie v. Williams, Civ. A. No. 4:17-CV-69-DMB-DAS, 2018 WL 280531, at *2 (N.D. Miss. Jan. 3, 2018). So courts apply the Rule 59(e) standard to Rule 54(b) motions to reconsider. See eTool Development, Inc. v. Nat'l Semiconductor Corp., 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (collecting cases).

Applying that standard here, the Court declines to reconsider its order. Faraway has neither "clearly established" that the Court's ruling was "manifestly erroneous" nor offered newly-discovered, relevant evidence or authority justifying reconsideration. Schiller v. Physicians Resource Grp., Inc., 342 F.3d 563, 567 (5th Cir. 20013). The cases Faraway cites do not address the legal conclusion that supplied the basis for its counterclaims: That Talex's submission of a proof of loss triggered Hudson's obligations to Faraway under the policy's union mortgage clause.

II

Faraway's motion and supporting brief suggest that Faraway misreads the Court's order. The Court emphasizes three points.

First, the Court's dismissal was without prejudice. That means that Faraway may move to amend. See <u>Bracey v. City of Jackson, Miss.</u>, Civ. A. No. 3:16-CV-657-DPJ-FKB, 2017 WL 1086117, at *3 n.1 (S.D. Miss. Mar. 20, 2017). Faraway's request that the Court "allow" it to file an amended counterclaim suggests that Faraway wrongly concludes that the Court dismissed its counterclaims with prejudice.[1]

Second, the Court dismissed three of Faraway's counterclaims because they rested on the same theory. That theory reasoned that Hudson breached union mortgage clause-derived obligations to Faraway that arose when Talex submitted its proof of loss to Hudson. And that theory depended on Faraway's allegation that Talex's submission of a proof of loss triggered Hudson's obligations to Faraway under the policy's union mortgage clause. That allegation is really a legal conclusion, and one that is incorrect as a matter of law. Because three of Faraway's

---

[1] Faraway's assertion that it "should not have to be compelled to pursue the claims process rather than being allowed to pursue its claims of breach of contract" confirms that it misreads the Court's order. (Doc. 99, p. 3). That order did not hold that Faraway is limited to "pursu[ing] the claims process"; it held that Faraway failed to properly plead its counterclaims.

3

counterclaims sprang from that particular legal conclusion, the Court ruled that those counterclaims were not plausibly pleaded.

Third, the Court did not opine on the viability of putative counterclaims for breach of contract, tortious breach of contract, and gross negligence based on factual allegations showing that Hudson's obligations under the union mortgage clause were triggered in another way or by another event. Rather, the Court held that Hudson's obligations were not triggered when and how Faraway alleged —— through Talex's submission of a proof of loss.

Faraway is free to seek leave to amend its complaint to allege facts showing that another event, such as its assertion of an independent right to payment in its answer to Hudson's complaint, triggered Hudson's union mortgage clause-based obligations to Faraway. But Faraway cannot amend its counterclaim by memorandum brief. If Faraway wishes to pursue that theory or another, it must move the Court for leave to file a second amended counterclaim.

Accordingly,

IT IS ORDERED that Faraway, LLC's motion **[Docs. 98, 99]** to reconsider is DENIED.

SO ORDERED, this the 15th day of August, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE