IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HUDSON SPECIALITY INSURANCE COMPANY     PLAINTIFF/
                                        COUNTER-DEFENDANT

V.                                      CASE NO. 5:17cv137-DCB-MTP

TALEX ENTERPRISES, LLC; JUBILEE PERFORMING
ARTS CENTER, INC.; TERRANCE L. ALEXANDER; the
BOARD OF MAYOR AND SELECTMEN
OF MCCOMB, MISSISSIPPI, et al.          DEFENDANTS/
                                        COUNTER-PLAINTIFFS

AGREED ORDER GRANTING, IN PART, MOTION FOR PARTIAL SUMMARY
JUDGMENT – PAYMENT OF FARAWAY, LLC [ECF 200]

This matter is before the Court on the Motion for Partial Summary Judgment – Payment of Faraway, LLC [ECF 200] filed by Plaintiff/Counter-Defendant Hudson Specialty Insurance Company. The Court has reviewed the submissions in support of and opposition to the Motion and is advised of agreed resolutions between Hudson Specialty and Defendants/Counter-Plaintiffs Talex Enterprises, LLC, Jubilee Performing Arts Center, Inc., Terrance L. Alexander, the Board of Mayor and Selectmen of McComb, Mississippi, and Faraway, LLC. The Court is thus prepared to rule and finds that the Motion should be granted, in part, with any remaining aspects of the Motion to be dealt with by separate order or at trial.

In its Motion, Hudson Specialty requested that the Court make declarations, as a matter(s) of law, to support a loss payment(s) to Faraway under the Business and Personal Property Coverage Form of Hudson Specialty Policy No. HBD 10027329 (the "Talex Policy") without prejudice to Hudson Specialty's claim that the policy

should otherwise be declared void *ab initio.* While the Court will not make the specific declarations requested in the Motion, it will make such declarations as are warranted under the undisputed material facts supporting the parties' agreed resolutions.

The following material facts are not in dispute. Hudson Specialty issued the Talex Policy on July 20, 2017. The Talex Policy's Business and Personal Property Coverage Form insured, *inter alia*, a building located at 230-232 Main Street in McComb, Mississippi (the "JPAC building") that, at the time of the Talex Policy's issuance, was owned by Talex subject to a Promissory Note and Deed of Trust held by Faraway. The Business and Personal Property Coverage Form identifies Talex as the "Named Insured" and Faraway as the "Mortgageholder" for the JPAC building. This Form provides a limit of insurance of $660,000.00 for loss of and/or damage to the JPAC building, subject to its other terms and conditions, including those for coverage and loss payment. On July 23, 2017, the JPAC building's roof partially collapsed, resulting in more than $660,000.00 in damage to the JPAC building. Based upon remaining principal, chargeable interest, and attorney's fees due under the Promissory Note, Faraway claims an interest in the JPAC building in the amount of $660,000.00. Faraway demands that Hudson Specialty pay the Business and Personal Property Coverage Form's full limit of insurance as to the JPAC building, asserting that the collapse resulted, at least in part, from what Hudson Specialty agrees would be a "Covered Cause of Loss." Discovery did not yield any evidence of knowledge or conduct by or attributable to Faraway which waived or jeopardized any rights it may exercise under the Form; and the parties now agree that Faraway is

entitled to loss payment(s) which will exhaust this particular limit of insurance.

Those material facts being undisputed, the Court observes that Hudson Specialty's primary claim in this action is for the Court to declare the Talex Policy[1] void *ab initio*. However, as Hudson Specialty and the parties agree, the terms of the Talex Policy's Business and Personal Property Coverage Form and *Miss. Code Ann.* § 83-13-9 grant Faraway an independent right to loss payment for covered property damage (up to the amount of Faraway's interest in the JPAC building, subject to the limit of insurance). As they also agree, Faraway's independent right to loss payment may not be voided solely upon the alleged knowledge or conduct of another; nor would payment to Faraway result in a waiver of or otherwise prejudice Hudson Specialty's claim for rescission of the Talex Policy. Despite prior arguments, the parties now agree that Faraway is entitled to a loss payment(s) totaling $660,000.00 and the effect of said payment(s) would be to exhaust the Business and Personal Property Coverage Form's $660,000.00 limit of insurance for covered property damage to the JPAC building.

The Court thus declares, as a matter of law, that Hudson Specialty may issue loss payment(s) totaling $660,000.00 to Faraway pursuant to the Talex Policy's Business and Personal Property Coverage Form and that such payment(s) will exhaust the Form's limit of insurance applicable to the JPAC building. The Court further declares, as a matter of law that such payment(s) will not result in a waiver

---

[1] Hudson Specialty also asks for the Court to declare a separate policy (Hudson Specialty Policy No. HBD 10019191 (the "2017 Alexander Policy") void *ab initio*; but that policy is not at issue in this Motion.

of nor otherwise prejudice Hudson Specialty's claim to have the Talex Policy declared void *ab initio.* The Court passes on making further declarations at this time; and any further declarations await review of other pending motions.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment – Payment of Faraway, LLC [ECF 200] is granted, in part; and it is hereby declared that: Hudson Specialty may issue loss payment(s) totaling $660,000.00 to Faraway pursuant to the Talex Policy's Business and Personal Property Coverage Form; such payment(s) will exhaust the Form's limit of insurance applicable to the JPAC building; but such payment(s) will not result in a waiver of nor otherwise prejudice Hudson Specialty's claim to have the Talex Policy declared void *ab initio.*

SO ORDERED AND ADJUDGED this the 23rd day of August, 2019.

        /s/ David Bramlette
UNITED STATES DISTRICT COURT JUDGE

SUBMITTED BY:

s/T.L. "Smith" Boykin, III
W. WRIGHT HILL, JR. (9560)
T. L. "SMITH" BOYKIN, III (101256)
Counsel for Hudson Specialty Insurance Company