IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Western Division

**HUDSON SPECIALTY INSURANCE COMPANY**            **PLAINTIFF/**
                                                                                 **COUNTER-DEFENDANT**

**V.**                              **CIV NO: 5:17-cv-00137-DCB-MTP**

**TALEX ENTERPRISES, LLC; JUBILEE PERFORMING**
**ARTS CENTER, INC.; TERRANCE L. ALEXANDER; and the**
**BOARD OF MAYOR AND SELECTMEN**            **DEFENDANTS/**
**OF MCCOMB, MISSISSIPPI, et al.**            **COUNTER-CLAIMANTS**

<u>ORDER</u>

This matter is before the Court on Plaintiff/Counter-Defendant Hudson Specialty Insurance Company ("Hudson")'s Motion for Reconsideration of Order [ECF 250] (docket entry 253); Defendants/Counter-Claimants Talex Enterprises, LLC ("Talex"), Jubilee Performing Arts Center, Inc. ("Jubilee"), Terrance L. Alexander ("Alexander"), and the Board of Mayor and Selectmen of McComb, Mississippi ("McComb")'s Response (docket entry 256); and Hudson's Reply. Having read the motion, memoranda in support, applicable statutory and case law, and being otherwise fully informed of the premises, this Court finds that Hudson's Motion to Reconsider should be GRANTED IN PART and DENIED IN PART.

1

## Standard of Review

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. See Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). However, "the United States Court of Appeals has consistently recognized that such a motion may challenge a judgment or order under Rules 54(b), 59(e), or 60(b) of the Federal Rules of Civil Procedure." Kumasi v. Unknown Cochran, No. 13-00489-BAJ-SCR, 2015 WL 5033594, at *1 (M.D. La. Aug. 25, 2015).

The Court may revise an interlocutory order at any time for any reason before it enters final judgment. FED. R. CIV. P. 54(b); United States v. Renda, 709 F.3d 472, 479 (5th Cir. 2013). As a preliminary matter, Rule 56(c) of the Federal Rules of Civil Procedure expressly refers to summary judgment as being "interlocutory in character." Zimzores v. Veterans Admin., 778 F.2d 264, 266 (5th Cir. 1985). "Partial summary judgments ... are interlocutory in character, and they do not terminate the action. Rather, they remain subject to being revised, modified or vacated by the trial court." Zimzores, 778 F.2d at 266(citing 6 Part 2 Moore's Federal Practice ¶ 56.26–1 at 56–1550 (footnotes omitted)). See also Bon Air Hotel, 426 F.2d at 862; United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir.1970); Eastern Air Lines, Inc. v. Atlantic Richfield Co.,

712 F.2d 1402, 1405 (Temp.Emer.Ct.App.), *cert. denied,* 464 U.S. 915(1983).

The Fifth Circuit has made clear that, when a district court rules on an interlocutory order, it is "free to reconsider and reverse its decision for <u>any reason</u> it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." <u>Lavespere v. Niagara Mach. & Tool Works, Inc</u>*.,* 910 F.2d 167, 185 (5th Cir. 1990), <u>abrogated on other grounds by</u> <u>Little v. Liquid Air Corp.</u>*,* 37 F.3d 1069 (5th Cir. 1994). "Interlocutory orders, such as grants of partial [dismissal]… are left within the plenary power of the court that rendered them to afford such relief from them as justice requires." <u>McKay v. Novartis Pharm. Corp.</u>, 751 F.3d 694, 701 (5th Cir. 2014)(internal quotations omitted). In its decision in <u>Zimzores</u>, The Fifth Circuit discussed this policy, stating:

> "Indeed, it is plain that pending an appealable judgment the district court must retain the power, unburdened by the requirements of Rule 60(b), to revise or vacate its interlocutory orders such as the present grant of summary judgment on liability alone. Such orders, being nonappealable when entered, are of course subject to appellate review following final judgment. If the district court determines that it has erred in such an interlocutory order, it would be a waste of judicial resources to force it to perpetuate such error through a trial on the remaining issues, even though it believed the ultimate judgment would have to be reversed on appeal." 778 F.2d at 266.

Because a final judgment has not been entered in the instant matter, Hudson's Motion for Reconsideration is properly considered under Rule 54(b). The Fifth Circuit, citing the D.C. Circuit, recently discussed the different standards between Rule 54(b) – as applies in this case – and Rule 59(e):

> "Rule 59(e), understandably, sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered. ... In contrast, Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'"

Austin v. Kroger Texas, L.P., 864 F.3d 326, 336–337 (5th Cir. 2017)(citing Cobell v. Jewell, 802 F.3d 12, 25–26 (D.C. Cir. 2015)). The Fifth Circuit in Austin also relied on a well-reasoned opinion from the Fourth Circuit, which explained that "[t]he power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." Saint Annes Dev. Co. v. Trabich, 443 Fed.Appx. 829, 831-32 (4th Cir. 2011).

## Discussion

Hudson's Motion requests that the Court revise its order pursuant to FED. R. CIV. P. 54(b) and to: (1) withdraw the apparent partial summary judgment granted to Defendant/Counter-Plaintiff McComb; (2) hold that, as a matter of law, there is

4

no "occurrence" to trigger any duty to indemnify McComb; (3) leave the Order's Application of the "property damage" exclusion in place; and (4) grant partial summary judgment to Hudson in regard to the absence of a duty to indemnify McComb for its claimed damages.

<u>Request to Withdraw the Apparent Partial Summary Judgments Granted to Defendant/Counter-Plaintiff McComb</u>

Hudson puts forward two reasons to reconsider the Order's apparent finding of a breached duty to defend: (1) there is a pending rescission claim, and (2) there was no notice of a possible adverse <u>sua sponte</u> partial summary judgment. After reconsideration, the Court recognizes that the issue of Hudson's duty to defend is fact determinative and the Court agrees with Hudson that it would be an error of law to grant summary judgment <u>sua</u> <u>sponte</u> at this juncture of the proceeding. Therefore, the Court will clarify its ruling to find that summary judgment is not granted on this issue.

Hudson highlights that its claim regarding contract rescission is still pending, and that, should the Court find that the Policies were void <u>ab initio</u>, then Hudson would have no duty to defend the void policies because they will be treated as if they had never been issued. McComb argues that Hudson's success on the rescission claim would not render the subject Policies void <u>ab initio</u> but would render them voidable. A void

contract is one that is illegal ab initio as a matter of law, whereas a voidable contract is later set aside due to an external factor. See Home Base Litter Control, LLC v. Claiborne County, 183 So.3d 94, 100 (Miss. Ct. App. 2015). A voidable contract will only be invalidated if "the one defrauded… act[s] promptly and finally to repudiate the agreement[.]" Id. If the defrauded party does not take action, the voidable contract will continue legally in existence. See id. A voidable contract can be revived, but a void contract cannot. See id.

"Under Mississippi law, if an applicant for insurance is found to have made a misstatement of material fact in the application, the insurer that issued a policy based on the false application is entitled to void or rescind the policy." Carroll v. Metroppolitan Ins. And Annuity Co., 166 F.3d 802, 805 (5th Cir. 1999). "It is well settled under Mississippi law that 'misstatements of material fact in an application for insurance provide grounds for declaring a policy issued in reliance thereon void ab initio.'" Republic Fire and Cas. Ins. Co. v. Azlin, Case No. 4:10-cv-37-SA-JMV, 2012 WL 4482355 at *6 (N.D. Miss. Sept. 26, 2012)(citing GuideOne Mut. Ins. Co. v. Rock, 2009 WL 1854452, at *2 (N.D. Miss. June 29, 2009)). The Fifth Circuit stated that, "[a]n insurance contract 'induced by misrepresentation or concealment of material facts may be avoided by the party injuriously affected[.]'" State Farm Fire &

6

Casualty Co. v. Flowers, 854 F.3d 842, 844 (5th Cir. 2017)(quoting Prudential Ins. Co. of Am. V. Estate of Russell, 274 So.2d 113, 116 (Miss. 1973)). An insurer seeking to void an insurance contract based on a material misrepresentation "must establish the existence of the factual misstatement and its materiality by clear and convincing evidence." Flowers, 854 F.3d at 844.

Recently the Fifth Circuit addressed an issue of material misrepresentation in an application for insurance and found that an insurance company was entitled to summary judgment because the policy was voidable. See e.g., Imperium Ins. Co. v. Shelton & Associates, Professional Association, 761 Fed.Appx. 412 (5th Cir. 2019). The Court found that, as a result of the misrepresentation, the insurance company could rescind the policy in its entirety. See id. at 422. To support its decision, the Fifth Circuit cited Coffey v. Standard Life Ins. Co. of the S., which held that material misrepresentations in an insurance application gave the insurer the "right to declare null and void the insurance." 120 So.2d 143, 148-49 (1960).

McComb cites Jones Smith v. Safeway Ins. Co., 174 So.3d 240, 242 (Miss. 2015) for the proposition that Mississippi law renders voidable a policy issued as a result of material misrepresentations. However, in a subsequent opinion, the

7

Mississippi Supreme Court discussed the decision in Jones-Smith and wrote "in Jones-Smith, the policy was void." See Safeway Ins. Co. v. Dukes, 185 So.3d 977, 981 (Miss. 2015).

Inasmuch as the issue of rescinding the subject Policies due to material misrepresentations made in the application of the Policies, is still before the Court, it would be inappropriate to grant summary judgment to McComb on the issue of Hudson's duty to defend under the Policies. Therefore, the Court will modify its Order to clarify that the Court has not and does not grant summary judgment to McComb on the issue of Hudson's duty under the subject Policies.

Request to Hold that, as a Matter of Law, there is no "Occurrence" to Trigger any Duty to Indemnify McComb

In its Motion for Partial Summary Judgment, Hudson asked that the Court find that it had no duty to defend the underlying action because there had been no "occurrence" as set forth in the subject policies. Having reviewed the facts presented, there is a genuine issue of material fact as to whether there was an occurrence which triggered a duty to defend. Hudson has failed to offer any evidence or arguments that were not initially available to it when it filed its Motion for Partial Summary Judgment. Hudson's motion to reconsider merely expresses disagreement with the ruling of this Court and asserts the same claims as stated in its Motion for Partial Summary Judgment [ECF

No. 202]. As such, the Court will not reconsider its decision that there is a genuine issue of material fact as to whether there was an occurrence as defined in the policies and whether the occurrence triggered a duty to defend.

Request to Leave the Order's Application of the "Property Damage" Exclusion in Place

The Court will not modify or amend its decision that the property exclusion in the subject policies will apply to the JPAC collapse should Hudson have a duty to defend and an obligation to indemnify. As stated in the Order, the property exclusion applies to the expenses related to the JPAC building, but it does not apply to the expenses that did not result from damage to the property, i.e., the damage to the flower beds on Main street and the street lights.

Request to Grant Partial Summary Judgment to Hudson in Regard to the Absence of a Duty to Indemnify McComb for its Claimed Damages

Hudson's argument for reconsideration regarding its potential indemnification obligations is based on the fact that McComb stated in a sworn interrogatory response that "no act or omission attributable to Talex or Alexander caused McComb's claimed damages." [ECF No. 200-9] at p. 12. McComb's interrogatory response does not alter the decision that the Court reached, i.e., that there is a genuine issue of material fact as to whether Hudson has indemnification obligations.

9

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Hudson's Motion for Reconsideration is granted in part and denied in part. The Court will modify the Order [ECF No. 250] granting in part and denying in part Hudson's Motion for Partial Summary Judgment to the extent that the Order sua sponte grants summary judgment to McComb on the issue of Hudson's duty to defend.

In its forthcoming Order, the Court will address and clarify the other issues raised by Hudson in its motion to reconsider. However, there remains a genuine issue of material fact as to whether Hudson had a duty to defend and a genuine issue of material fact as to whether Hudson had indemnification obligations. The modified order will not alter the Court's conclusion that, should Hudson have a duty to defend or an indemnification obligation, the property exclusion component of the subject policies will apply. Therefore, the Order [ECF No. 250] will be vacated and a modified Order submitted.

SO ORDERED, this the 30th day of January, 2020.

_/s/ David Bramlette_____
UNITED STATES DISTRICT COURT