IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HUDSON SPECIALTY INSURANCE COMPANY**                     **PLAINTIFF/**
                                                          **COUNTER-DEFENDANT**

V.                                    CIV NO: 5:17-cv-00137-DCB-MTP

**TALEX ENTERPRISES, LLC; JUBILEE PERFORMING
ARTS CENTER, INC.; TERRANCE L. ALEXANDER; and the
BOARD OF MAYOR AND SELECTMEN                              DEFENDANTS/
OF MCCOMB, MISSISSIPPI, et al.                            COUNTER-CLAIMANTS**

ORDER

This matter is before the Court on Plaintiff/Counter-Defendant Hudson Specialty Insurance Company ("Hudson")'s Motion to Bifurcate/Phased Trial (Doc. 239), and Defendants/Counter-Claimants Terrance L. Alexander ("Alexander"), Board of Mayor and Selectmen of McComb, Mississippi ("McComb"), Jubilee Performing Arts Center, Inc. ("Jubilee"), and Talex Enterprises, LLC ("Talex")'s Response (Doc. 244).

Hudson moves, pursuant to FED. R. CIV. P. 42(b) to "bifurcate the trial of this action into a phased (but still single) proceeding." Defendants/Counter-Claimants do not oppose Hudson's Motion to Bifurcate. Hudson asks the Court that the issue of rescission of the insurance policies be tried to verdict prior

1

to the presentation of any remaining claim for declaratory relief.

Federal Rule of Civil Procedure 42(b) allows for bifurcation "for convenience, to avoid prejudice, or to expedite and economize." The decision to bifurcate is left within the sound discretion of the district court. See Conkling v. Turner, 18 F.3d 1285, 1293 (5th Cir. 1994). Separate trials are the exception, not the rule. The Fifth Circuit has established "an important limitation on when a district court may order separate trials." Johnson v. Tuff N Rumble Management, Inc., No. 99-1374, 2000 WL 690287, *1 (E.D. La. 2000). A court should not bifurcate claims unless the issue to be tried separately is "so distinct and separable from the others that a trial of it alone may be had without injustice." McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 305 (5th Cir. 1993). This Court is not persuaded that having a phased trial will benefit judicial economy.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiff/Counter-Defendant Hudson's Motion to Bifurcate is hereby DENIED without prejudice. The Motion may be refiled and will be reconsidered after the Court receives additional briefing on the Defendants/Counter-Claimants' Motion for Entry

of Judgment Under Rule 54(b) [ECF No. 251] and subsequently makes its ruling on the issue of allowing an appeal.

SO ORDERED this the 9th day of March, 2020.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE