**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**WESTERN DIVISION**

**HUDSON SPECIALTY INSURANCE COMPANY**　　　　　　　　**PLAINTIFF/**

　　　　　　　　　　　　　　　　　　　　　　　　　　　**COUNTER-DEFENDANT**

**V.**　　　　　　　　　　　　　　　　**CIV NO: 5:17-cv-00137-DCB-MTP**

**TALEX ENTERPRISES, LLC; JUBILEE PERFORMING
ARTS CENTER, INC.; TERRANCE L. ALEXANDER; and the
BOARD OF MAYOR AND SELECTMEN**　　　　　　　　　　**DEFENDANTS/**
**OF MCCOMB, MISSISSIPPI, et al.**　　　　　　　　**COUNTER-CLAIMANTS**

Order

Before the Court is Plaintiff/Counter-Defendant, Hudson Specialty Insurance Company ("Hudson")'s Motion in Limine [ECF No. 241] seeking a court order limiting the "true facts" exception to "facts reduced to a sworn or otherwise competent summary judgment form that was presented to or available to Hudson Specialty before Defendants/Counter-Plaintiffs executed the Contract of Assignment of Chose in Action on December 22, 2017." McComb disputes this limitation.

The limitation that Hudson seeks would prevent the introduction of depositions taken in the underlying action when evaluating the issue of whether the "true facts" exception applies. See [ECF No. 176](providing that discovery is due by May 22, 2019). Courts in this District and in State court have

1

entertained evidence provided by a defendant during his or her deposition to determine whether an insurer had a duty to defend under the "true facts" exception. See Acceptance Ins. Co. v. Powe, 403 F.Supp.2d 552 (S.D. Miss. 2005)(using depositions of the insured's employees to determine whether the "true facts" exception constitutes an occurrence); Auto Ins. Co. of Harford v. Lipscomb, 75 So.3d 557, 559-60 (Miss. 2011). Similarly, Courts have considered an affidavit submitted by the insured in opposition to summary judgment when determining if the "true facts" exception applies. Nationwide Mut. Fire Ins. Co. v. Knight, No. 1:07cv1082, 2008 WL 4286507, at 5-6 (S.D. Miss. Sept. 16, 2008)("Because Knight has submitted an affidavit that plainly contradicts the complaints' allegations, the Court must determine whether Knight's affidavit has produced 'true facts' under Mississippi law."). Therefore, it is hereby ordered that Hudson's request to limit the "true facts" exception to facts reduced to a sworn or otherwise competent summary judgment form presented to or available to Hudson before December 22, 2017 is denied.

Hudson moves to exclude reference to the contents of prior or subsequently proposed (but not filed) versions of the Complaint, alleging that they are not relevant to a "true facts" analysis and would create a danger of unfair prejudice and/or jury confusion. Hudson states that McComb's First Amended

Complaint and Mayor Whitney Rawlings' Amended Affidavit in Support of Application for Attachment in Chancery ("Amended Affidavit") constitute the operative pleadings in the underlying state court action. Mayor Rawlings' Amended Affidavit is not attached to the First Amended Complaint but is included as an attachment to McComb's Proposed, but not filed, Second Amended Complaint [ECF No. 1-6] which Hudson has moved to exclude. Hudson alleges that operative pleading – the first amended Complaint – has incorporated the affidavit of Mayor Rawlings by reference. The First Amended Complaint states:

> "In support of its application for an Order of attachment, the Plaintiff will provide to the Court the Affidavit of Whitney Rawlings, the Mayor of the City of McComb, whose Affidavit contains the following…"

Rule 10 of the Federal Rules of Civil Procedure addresses the required form of pleadings. Rule 10(c) states:

> **"(c) Adoption by Reference; Exhibits.** A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

A party may incorporate parts of a <u>prior pleading</u> by referring to them in a new pleading. <u>See</u> Commentary to Rule 10(emphasis added). The commentary to Rule 10 explains that "Rule 10 only permits the incorporation of contents from <u>pleadings</u>. Rule 10 does not authorize parties to incorporate by reference the

3

contents of earlier motions or other papers." However, the commentary also notes:

> **Documents "referenced" but not attached.** Technically, only an "exhibit" to a pleading becomes part of the pleading under Rule 10(c). However, when ruling on motions to dismiss under Rule 12(b)(6) or motions for judgment on the pleadings under Rule 12(c), courts can also consider documents that the plaintiff refers to and relies on if they are central to the plaintiff's complaint and there is no dispute about their authenticity. "Referenced" documents may be matters of public record, submitted either as an attachment to the defendant's answer or as an attachment to a pleadings motion. It is not enough that the plaintiff knows of or even possesses a document; the plaintiff must rely on the document in its complaint in order for the court to consider it to be part of the pleadings.

The amended affidavit was signed on October 20, 2017, after the First Amended Complaint was signed. [ECF No. 1-5](showing the Complaint was signed on September 11, 2017). The First Amended Complaint could not have relied on a document that was created after the First Amended Complaint was filed. Therefore, the Amended Affidavit, which was attached to a document that was not filed in the state court proceeding, and was not relied upon in the creation of the First Amended Complaint, cannot be a part of the operative pleadings in the state court action.

As to the original Complaint filed in state court, McComb acknowledges that an amended Complaint supersedes and renders an original pleading inoperative. However, McComb claims that the original Complaint is relevant because Hudson denied Talex's

4

request for a defense in the underlying state action based on the allegations of McComb's original pleading. Ordinarily, the duty to defend is determined by examining the latest, and only the latest, amended pleadings. Rhodes v. Chicago Ins. Co., 719 F.2d 116, 119 (5th Cir. 1983). If there is an issue as to whether the duty to defend arose under the original or the first amended Complaint, the district court must examine both versions of the Complaint to determine under which version the duty arose. Id. at 119–20. Energy Res., LLC v. Petroleum Sols. Int'l, LLC, No. CIV.A. H:08-656 (S.D. Tex. Aug. 17, 2011).

The Court agrees that the original Complaint is relevant to the issue of whether some allegation within the underlying Complaint triggered Hudson's duty to defend, an integral component of this lawsuit. Therefore, the Court hereby denies Hudson's request to exclude reference to McComb's original Complaint in the Chancery Court of Pike County, Mississippi.

Hudson also moves to exclude any reference to the Proposed Second Amended Complaint in the state court action. The Northern District of Mississippi has considered the question of whether a court should consider a proposed amended complaint in the state court action when determining whether the insurer had a duty to defend. The court found that the Defendant "cites no authority which would support the proposition that the allegations of the

5

complaint rule is inapplicable based on the existence of a proposed amended complaint which has not been filed." Wesco Ins. Co. v. Archer Landscape Group, LLC, No. 1:16-cv-165-DMB-DAS, 2018 WL 6112411, at *5 (N.D. Miss. Nov. 21, 2018). The Northern District did not examine the proposed amended complaint but relied on the governing state court complaint. Id. The Court hereby orders the exclusion of any reference to the non-filed proposed second amended complaint. As to the affidavit signed by Mayor Rawlings and other issues, as well, these may be proper for cross examination.

Moreover, Hudson moves to exclude any evidence of and testimony regarding settlement demands, offers, negotiations, and agreements. Defendants/Counter-Claimants concede that such evidence or testimony should be excluded, and the Court, therefore, hereby so orders.

Hudson moves to exclude evidence or testimony regarding Dr. Terrance Alexander ("Dr. Alexander")'s personal circumstances. Hudson specifically references the passing of Dr. Alexander's wife, financial circumstances of Dr. Alexander, and/or the impact that Hudson's positions (on rescission and/or coverage), investigation, and/or assertion of claims has had on Dr. Alexander. Defendants/Counter-Claimants partially oppose this request, and state "[Hudson's] request for the exclusion of all

personal and family matters relating to Dr. Alexander is too broad and should be denied. It is common in trials for a party or witness to share their background information with the jury even though the information is not particularly relevant to any party's claims or defense." [ECF No. 246] at 1–2. The Court will monitor the testimony regarding Dr. Alexander and will sustain such objections to evidence that the Court determines to be irrelevant.

Hudson moves to exclude evidence that the subject collapse was caused by any act or omission attributable to Talex Enterprises, LLC ("Talex"), Jubilee Performing Arts Center, Inc. ("Jubilee"), and/or Dr. Alexander. If this was agreed to at the August 2, 2019 Settlement Conference, this evidence is hereby excluded.

Hudson moves to prevent Defendant/Counter-Plaintiff Board of Mayor and Selectmen of McComb, Mississippi ("McComb") from contradicting its sworn discovery response in which it denied that any act or omission attributable to Talex, Jubilee, and/or Dr. Alexander caused or contributed to McComb's damages. Therefore, Hudson requests that the Court prevent McComb from contradicting the aforementioned discovery answers by identifying or inferring that any act or omission attributable to Talex, Jubilee, or Dr. Alexander caused or contributed to

McComb's claimed damages. In its response, McComb states that is has "no intention of introducing evidence in contradiction to their sworn discovery responses." [ECF No. 246] at 3. The Court, therefore, hereby so orders.

SO ORDERED this the 20th day of March, 2020.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE