```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

HUDSON SPECIALTY INSURANCE COMPANY                       PLAINTIFF/
                                                 COUNTER-DEFENDANT

V.                              CIVIL ACTION NO. 5:17-CV-137-DCB-MTP

TALEX ENTERPRISES, LLC; JUBILEE PERFORMING
ARTS CENTER, INC.; TERRANCE L. ALEXANDER; and the
BOARD of MAYOR AND SELECTMENT
OF MCCOMB, MISSISSIPPI, et al.                          DEFENDANTS/
                                                  COUNTER-CLAIMANTS


<u>ORDER</u>

Plaintiff/Counter Defendant Hudson Specialty Insurance Company ("Hudson") filed its Motion for Partial Summary Judgment-Liability Coverage [ECF No. 202], and in response, opposition to the Motion was filed by Defendants/Counter-Claimants Talex Enterprises, LLC ("Talex"); Terrance L. Alexander ("Alexander"); Jubilee Performing Arts Center, Inc. ("Jubilee"); and the Board of Mayor and Selectmen of McComb, Mississippi ("McComb"), and the Court having examined the motions, memoranda in support thereof, and the applicable statutory and case law, granted in part and denied in part Plaintiff/Counter Defendant's Motion.  See [ECF No. 261].

The Court found that there is a genuine issue of material fact as to whether Hudson had a duty to defend Defendants/Counter-

Claimants (Talex, Alexander, Jubilee, McComb) in the suit brought by McComb in the Chancery Court of Mississippi. On that issue, Hudson's Motion for Summary Judgment was denied. [ECF No. 261].

As to whether Hudson had a duty to indemnify McComb for its expenses as a result of the collapse of the JPAC Building, this Court found that the Defendants/Counter-Claimants (Talex, Alexander, Jubilee, McComb) had entered into a contract of Assignment of Chose in Action on December 22, 2017, under the terms of which these Defendants/Counter-Claimants agreed that McComb's claim in the amount of $389,320.39 against Hudson will be made under the Commercial General Liability Coverage of the insurance policies issued by Hudson. At the time of the collapse of the building within the city limits, McComb found it necessary to stabilize the JPAC collapsed site, clear the streets, and protect the public and adjacent properties. McComb also seeks recovery for these expenses as well as for the expenses incurred in the repair and restoration of Main Street flower beds and lighting equipment separate from the JPAC Building. The Court found that these Hudson policies include a property damage exclusion that negates indemnity obligations for property damage incurred by the insured. The plain language of the policies states clearly that Hudson does not provide coverage for property damage to or for buildings that the insureds own. The Court found, moreover, that such exclusions are customary in liability policies in order to

2

prevent the insured from using a liability policy in a claim for property damage which is routinely provided for in a policy which provides coverage for building damage or destruction. [ECF No. 261].

It should be noted that as to the issue of indemnification, in the event it is determined that Hudson had a duty to defend the suit filed by McComb in Mississippi state court against Talex, et al., the exclusion for damage to property owned, rented, or occupied by the insured under the liability policies applies, and, thus, even if Hudson had a duty to defend, it would not have a duty to indemnify McComb for expenses as a result of a JPAC collapse.  This property exclusion does not apply to the flower beds and street lights which are not owned by Alexander, Talex or Jubilee.

On November 24, 2020, Counter-Claimants, Talex, et al., filed its Amended Motion for Entry of Final Judgment requesting that the Court certify its January 30, 2020 Order [ECF No. 261] as a Final Judgment pursuant to Rule 54(b), claiming that said Order "constitutes an ultimate disposition of an individual claim within a multiple claims action."  [ECF No. 318]. Further says Talex, et al., "there is no just reason for delay of an immediate appeal from the Order.  Accordingly, relief under Rule 54(b) is warranted." Id.

The Court is of the opinion that inasmuch as the Order does not dispose of the claim in its entirety, the Court is unable to certify the Order under Rule 54(b). "A district Court's rulings concerning a particular claim may be appealed under Rule 54(b) only if the district court has 'dispose[d] of that claim entirely.'" Tetra Techs., Inc. v. Cont'l Ins. Co., 755 F.3d 222, 228 (5th Cir. 2014)(quoting Monument Mgmt. Ltd. P'ship I v. City of Pearl, Miss., 952 F.2d 883, 885 (5th Cir.1992)). "'The partial adjudication of a single claim is not appealable, despite a Rule 54(b) certification.'" Tetra, 755 F.3d 222 (quoting Ariz. State Carpenters Pension Trust Fund v. Miller, 938 F.2d 1038, 1039–40 (9th Cir.1991)).

Summarizing, on the issue as to whether Hudson had a duty to defend Defendants/Counter-Claimants (Talex, Alexander, Jubilee, McComb) in the suit brought by McComb, there may be sufficient extrinsic information to put Hudson on notice that it had a duty to defend. Inasmuch as there are genuine issues of material fact, Hudson's Motion for Summary Judgment was denied. [ECF No. 261].

As to the issue of indemnification, even if Hudson had a duty to defend, it would not have a duty to indemnify McComb for expenses as a result of the collapse of the JPAC building, and the costs incurred by McComb in the clearing of debris from the street. The property exclusion does not apply to the flower beds and street lights which are not owned by Alexander, Talex or Jubilee.

4

Thus, all parties recognize that the central issue in this litigation is whether or not the general liability policies issued by Hudson provide coverage for costs and damages incurred by McComb as a result of the collapse of the JPAC building.  On this issue, there are substantial grounds for differences of opinion:  that is, whether the property damage exclusion of the general liability policies applies to exclude coverage for McComb's claimed expenses with the exception of those for repairs/restoration to property and equipment separate from the building at issue.

Counter-Claimants, Talex et al.'s Amended Motion for Entry of Final Judgment [ECF No. 318] challenging this Court's Order of January 30, 2020 [ECF No. 261] is DENIED. As the amended Motion [ECF No. 318] has superseded the original, Counter-Claimants, Talex et al.'s original Motion for entry of Final Judgment [ECF No. 311] is MOOT.

The Court finds that pursuant to 28 U.S.C. § 1292(b) an immediate appeal from this Order, which confirms the detailed findings of this Court's January 30, 2020 Order [ECF No. 261], said findings being incorporated herein, will materially advance the ultimate determination of this litigation, and in the event of an appeal all proceedings in this suit will be stayed pending the

disposition of this case by the United States Court of Appeals for the Fifth Circuit.

    SO ORDERED, this the 12th day of March, 2021.

                                              /s/David Bramlette
                                       United States District Court Judge